**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicolas B Lyde,<br><br>        Plaintiff,<br><br>v.<br><br>Douglas A Collins, et al.,<br><br>        Defendants. | No. CV-25-01974-PHX-DWL<br><br>**ORDER** |

    On July 14, 2025, this case was reassigned to the undersigned judge. Because the case includes six pending motions and no complaint, some housekeeping is required.

    On June 6, 2025, Plaintiff initiated this case by filing a document entitled "Motion for Partial Summary Judgment on Liability with Bifurcated Damages and Rule 11 Sanctions," which was docketed as a "complaint." (Doc. 1.) The motion is not a complaint—it is not labelled as such and does not conform to the rules pertaining to pleadings. Plaintiff must file a complaint, which must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv") and must satisfy the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Specifically, the complaint shall contain a short and plain statement of each specific claim asserted against each Defendant, set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Rule 8 requires "simplicity, directness, and

clarity," such that a defendant should easily be able to determine "what he is being sued for." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Without a complaint, a case cannot begin.

Because there is no complaint, the motion for partial summary judgment (Doc. 1) is denied. To the extent that motion also requests Rule 11 sanctions, that request is also denied—no Defendant has appeared in this action, and therefore no grounds for Rule 11 sanctions exist at this time, as such sanctions necessarily involve an attorney or unrepresented party "presenting to the court a pleading, written motion, or other paper."

Plaintiff's "Motion for Leave to File Additional Evidence Via Electronic Case Filing" (Doc. 5) is also denied. Plaintiff may file attachments to his complaint, as he deems prudent and consistent with the applicable rules, and any attachments to the complaint will be treated as part of the complaint.

Plaintiff's motion to strike (Doc. 16) is denied. Again, no defendant has appeared in this action, so it is unclear what filings Plaintiff wishes the Court to strike. It appears that perhaps Plaintiff wants the Court to strike filings from some other docket in some other judicial proceeding, but the Court lacks the power to manage another judge's docket.

Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is denied. Plaintiff asserts that he "has financial ability to pay filing fees" (*id.* at 2), and therefore he cannot proceed *in forma pauperis*.

Plaintiff's motion to appoint counsel (Doc. 15) is denied. There is no constitutional right to the appointment of counsel in a civil case. *Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both

must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted). Here, Plaintiff's request to proceed *in forma pauperis* was denied because he has not alleged poverty. Furthermore, medical ailments, while unfortunate, are common among litigants and do not constitute exceptional circumstances warranting appointment of counsel.

Plaintiff's "Emergency Motion for Judicial Review of Fifth Amendment Violation, Record Docketing Failure, and Plaintiff's Medical Fragility" (Doc. 14) seeks relief redundant of the other motions—*e.g.*, striking filings, appointing counsel, granting partial summary judgment—and otherwise appears to seek expedited review, on the merits, of the claims in Plaintiff's yet-to-be-filed complaint. This motion is denied for the reasons already set forth in this order.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall amend the docket to reflect that Doc. 1 is not a complaint but is rather a pending motion for partial summary judgment.

**IT IS FURTHER ORDERED** that the pending motions (Docs. 1, 2, 5, 14, 15, and 16) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a complaint and filing fee by August 8, 2025.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a complaint and filing fee by August 8, 2025, the Clerk of Court shall terminate this action.

Dated this 21st day of July, 2025.

Dominic W. Lanza
United States District Judge